## Commonwealth v. Zimmerman

*John W. Taylor*, for Commonwealth.

*Davis & Davis*, for defendant.

GRIFFITH, J., August 25, 1955.—Defendant, S. H. Zimmerman, was convicted before the Burgess of the Borough of Nanty Glo for the violation of Borough Ordinance No. 102 which provided for the installa-

tion of parking meters on certain streets of the borough and made it an offense to park in front of a parking meter without first inserting a coin in the same.

From the testimony it appears that defendant has resided for many years on the east side of Lloyd Street about 200 feet from its intersection with Roberts Street which is the principal business street in the Borough of Nanty Glo. Defendant's lot fronts 25 feet along East Lloyd Street and his residence which is approximately 20 feet in width is built close to the sidewalk. There is no alley running to the rear of defendant's lot so that he has no access from that direction. In 1947, Ordinance No. 102 was adopted designating certain streets in the borough for the installation of parking meters. Included in the streets so designated was the east side of Lloyd Street from its intersection with Roberts Street south to and including the front of defendants property. On the west side of Lloyd Street no parking is permitted at any time and signs to this effect were erected. Defendant testified that the area is residential and is not congested.

It is true as defendant suggests that where land is taken for streets or highways the abutting owner retains the right of access from the street or highway to and from his land and this right cannot be taken away unless compensation is made under the law: Brenig v. Allegheny County, 332 Pa. 474, 480.

Under section 1103 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §663, local authorities have been given the power to provide by ordinance for the regulation or prohibiting of ". . . parking, stopping or loading of vehicles". The State has the same right to regulate parking as it has to limit the speed of automobiles so long as the regulations are not oppressive and unreasonable and this authority has been delegated to the local authorities by section 1103

of The Vehicle Code: Laubach & Sons v. Easton, 347 Pa. 542, 547. The purpose of the ordinance is not to promote parking but to limit it in order that traffic may move more freely on the streets and that a greater number of people may have access to both commercial and residential buildings. Where there is no congestion and where there is no need for a reasonably frequent interchange of automobiles in the parking spaces of a particular street, the installation of parking meters is unreasonable and oppressive and consequently beyond the power of the borough council. However, " 'It is incumbent on the party who alleges the invalidity of an ordinance upon the ground of unreasonableness to aver and prove the facts that make it so' ": Laubach & Sons v. Easton, supra, page 549. We think that defendant in this case has not met the burden of proving the unreasonableness of the ordinance.

While defendant and his witness, Lumley, who is a defendant in a similar prosecution, testified that the area is not congested and offered in evidence certain photographs, all taken on the same day, to substantiate this contention, a borough police officer, John Yokitis, testified as to the congestion and to the fact that the day of the week, Monday, on which the pictures were taken is by no means the busiest period. He further testified that the lack of congestion at the time the photographs were taken is not the usual condition. It appears that there are a number of business properties in the block of East Lloyd Street with which we are concerned in addition to residences. The Moose Home is next to defendant's property, a large Acme Market is at the end of the street and extends across it forming a dead end, a beauty parlor is across the street from defendant's home, a television store was near the defendant's home until several weeks ago when it became vacant and a church is on the corner

of the west side of Lloyd Street at its intersection with Roberts Street. The fact that the borough council deemed it necessary to prohibit parking entirely on the west side of Lloyd Street would indicate that the area is at least somewhat congested.

Since Roberts Street is the principal business street of the borough and since defendant's property is located within 200 feet from Roberts Street it is not unreasonable to suppose that parking restrictions may be necessary in front of defendant's property. If the local authorities were permitted to install parking meters only on business streets or only on the main business streets, it is apparent that, in many cases, the area of restricted parking would be inadequate to permit frequent access to those who desired to use the business places of the community.

We are satisfied that defendant has failed to meet the burden of proving the unreasonableness of the ordinance. This does not mean, however, that he and his guests may at no time stop in front of his residence for the purpose of loading or unloading passengers or merchandise, or that, having no access by alley to the rear of his lot, he cannot park his car in front of his home for a reasonable time for the purpose of removing rubbish or that he cannot have coal trucks deliver coal to the premises, all without the payment of the parking fee. He has these rights and they, may not be abridged by the borough authorities even if some congestion in traffic results: Clark v. City of New Castle, 32 D. & C. 371. He may not, however, use the space in front of his residence as a parking place without inserting the required coin in the meter.

Defendant calls our attention to the fact that Ordinance 102 provides that parking meters on East Lloyd Street be spaced 20 feet apart and that the testimony shows that the parking meters were actually spaced but 11 feet apart. It appeared that when the ordi-

nance was adopted in 1947 the meters on Lloyd Street were set in accordance with the ordinance, 20 feet apart to provide for parallel parking. However, the borough authorities later decided to use angle parking and new meters were installed at intervals of 11 feet rather than at intervals of 20 feet as required by the ordinance.

Municipal ordinances are governed by the same rules of construction as are applicable to statutes: Marple Township v. Lynam et al., 151 Pa. Superior Ct. 288, 291. There can be no doubt but that Ordinance 102 is a penal ordinance and like a penal statute it must be strictly construed: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58, 46 PS §558. Penal ordinances as well as penal statutes are to be strictly construed: Murphy v. Philadelphia Rapid Transit Company, 285 Pa. 399, 404, 37 Am. Jur. 829. Since we are bound to a strict construction of the ordinance it is clear that the borough authorities have not complied with it strictly in that they have erected their parking meters 11 feet apart rather than 20 feet apart as specified. We do not intend to say that a slight discrepancy in the interval between meters would be sufficient to nullify the enforcement of an ordinance in a particular area. The discrepancy here, however, is too great to be ignored in a penal ordinance. Until the ordinance is amended or until the meters are reset in accordance with the existing ordinance it can have no application to the east side of Lloyd Street in the Borough of Nanty Glo.

Consequently, while we find the ordinance to be valid generally, we also find that defendant in this instance is not guilty and, therefore, enter the following

### Decree

And now, August 25, 1955, at 10:30 a.m., after hearing argument and upon due consideration, we hereby find defendant, S. H. Zimmerman, not guilty.